19-528-cr
*United States v. Brent Sobers*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty.

PRESENT:    DENNIS JACOBS,
            GUIDO CALABRESI,
            DENNY CHIN,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                    *Appellee*,

            -v-                                    19-528-cr

BRENT SOBERS,
                    *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                ERIN REID, Assistant United States Attorney
                            (Amy Busa, Assistant United States Attorney,
                            *on the brief*), *for* Richard P. Donoghue, United
                            States Attorney for the Eastern District of New
                            York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT:       ALLEGRA GLASHAUSSER, Assistant Federal
                               Defender, Federal Defenders of New York,
                               New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Brent Sobers appeals from a judgment of conviction entered February 25, 2019 by the district court, following a one-day bench trial, convicting him of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). On November 13, 2017, he was stopped by New York Police Department ("NYPD") officers upon entering the subway and arrested for theft of services. Thereafter, officers discovered a gun in his backpack. Following an evidentiary hearing, the district court issued a written opinion denying Sobers's motion to suppress evidence of the firearm. *United States v. Sobers*, No. 17-CR-0681 (ILG), 2018 WL 1936123 (E.D.N.Y. April 24, 2018). Sobers was eventually sentenced to 24 months' imprisonment and two years' supervised release.

On appeal, Sobers argues principally that: (1) the arresting officers did not have reasonable suspicion to stop him; and (2) the arresting officers' warrantless search of his backpack was unconstitutional. Accordingly, Sobers seeks to have his conviction

overturned and the evidence suppressed.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

"When reviewing a district court's decision on a suppression motion, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Williams*, 930 F.3d 44, 53 (2d Cir. 2019).

### I.    Reasonable Suspicion

A police officer may conduct an investigatory stop without a warrant or probable cause for an arrest if he has reasonable suspicion to believe that "criminal activity may be afoot." *Terry v. Ohio*, 392 U.S. 1, 30 (1968); *see also United States v. Singletary*, 798 F.3d 55, 59 (2d Cir. 2015).  An officer's reasonable suspicion must be based on "rational inferences" drawn from "specific and articulable facts." *Singletary*, 798 F.3d at 59.  "Although an officer's reliance on a mere 'hunch' is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." *United States v. Arvizu*, 534 U.S. 266, 274 (2002) (citation omitted).

Here, the NYPD officers had reasonable suspicion to believe Sobers had committed a crime.  They observed Sobers look around before swiping a MetroCard to gain entry to the subway station.  They could see an amber light illuminate on the turnstile, indicating that Sobers used a student MetroCard.  They could also see that he

looked older than a typical person who would use a student MetroCard. Because it is unlawful for a non-student to use a student MetroCard, the officers witnessed "specific and articulable facts" that led them to the "rational inference," *Singletary*, 798 F.3d at 62, that "criminal activity was afoot," *Terry*, 392 U.S. at 30. Accordingly, the district court did not err in holding that the officers had reasonable suspicion and that the *Terry* stop was constitutional.

## II.   Warrantless Search

Under the Fourth Amendment of the Constitution, it is unlawful to conduct a warrantless search. U.S. Const. amend. IV. There are, however, exceptions to this general rule. If, for example, "evidence [is] obtained during the course of an unreasonable search and seizure[, it] should not be excluded if the government can prove that the evidence would have been obtained inevitably without the constitutional violation." *United States v. Heath*, 455 F.3d 52, 55 (2d Cir. 2006) (internal quotation marks omitted). Inventory searches -- searches conducted by police at the precinct to remove and inventory an arrestee's property -- fall within this exception. *Illinois v. Lafayette*, 462 U.S. 640, 646 (1983). For an inventory search to be valid, the Government must prove:

> (1) that the police had legitimate custody of the . . . property being searched, so that an inventory search would have been justified; (2) that when the police in the police agency in question conducted inventory searches, they did so pursuant to "established" or "standardized" procedures; and (3) that those inventory procedures would have "inevitably" led to the "discovery" of the challenged evidence.

*United States v. Mendez*, 315 F.3d 132, 138 (2d Cir. 2002) (citations omitted).

Assuming, without deciding, that the officers committed an unconstitutional warrantless search of Sobers's backpack, we agree with the district court that Sobers's gun would have been inevitably discovered. First, the police had legitimate custody of Sobers's backpack. The officers took possession of Sobers's backpack after he was lawfully placed under arrest because he illegally used a student MetroCard and a computer search showed that he was a transit recidivist. Second, the police followed NYPD procedure when Sobers's belongings, including his backpack, were vouchered as arrest evidence at the precinct. Notably, Sobers did not challenge the NYPD inventory procedures at the suppression hearing, and the district court found "that the officers conducted the inventory search pursuant to established and standardized procedures." D. Ct. Dkt. No. 21. Third, the district court found that the inventory procedures would have led the police to discover Sobers's gun. There was support in the record for these findings. Accordingly, the district court did not err when it determined that Sobers's gun would have been inevitably discovered.

\* \* \*

We have considered Sobers's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-5-